**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CHARLES C. MOSS AND<br>DENNIS A. ISOM,<br>Plaintiffs,<br><br>v.<br><br>AEGIS LENDING CORPORATION,<br>Defendant. | C.A. No. 06-410 |

**ANSWER OF AEGIS LENDING CORPORATION TO COMPLAINT**

Defendant Aegis Lending Corporation ("Aegis"), by and through its attorneys, hereby answers the Complaint – Class Action ("Complaint") brought by plaintiffs Charles C. Moss and Dennis Isom individually and on behalf of all others similarly situated.

Except as expressly admitted or denied herein below, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

**INTRODUCTION**

1. Paragraph 1 of the Complaint contains plaintiffs' characterization of this action to which no response is required. To the extent that a further response may be required, Aegis denies the allegations set forth in paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2. Paragraph 2 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a further response may be required, Aegis admits that the Court has subject matter jurisdiction over this matter.

3. Paragraph 3 sets forth legal conclusions to which no response is required. To the extent that a further response may be required, Aegis does not object to venue in this District with respect to the putative Rhode Island class.

**LOCAL RULE 23 CLASS ACTION ALLEGATIONS**

4. Paragraph 4 sets forth plaintiffs' definition of the putative class to which no response is required. To the extent that a further response may be required, Aegis denies the allegations set forth in paragraph 4 of the Complaint.

5. Aegis denies the allegations set forth in paragraph 5 of the Complaint.

6. Aegis denies the allegations set forth in paragraph 6 of the Complaint.

7. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

**PARTIES**

8. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. In answering the allegations set forth in the first sentence of paragraph 10, Aegis denies that it is a Louisiana corporation. Further answering, Aegis admits that it principal place of business is in Baton Rouge, Louisiana. Aegis otherwise denies the allegations set forth in the first sentence of paragraph 10 of the Complaint. Aegis admits the allegations set forth in the second sentence of paragraph 10.

**FACTS**

11. Aegis admits that the document attached as Exhibit A to the Complaint was sent to plaintiff Moss via United States mail but Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint.

12. Aegis admits that the document attached as Exhibit B to the Complaint was sent to plaintiff Isom via United States mail but Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of the Complaint.

13. Aegis admits that the documents attached as Exhibit A and Exhibit B to the Complaint speak for themselves as to their content and that the allegations in paragraph 13 state only in part, the information presented in Exhibit A and Exhibit B. To the extent a further response may be required, Aegis denies the remaining allegations set forth in paragraph 13 of the Complaint.

14. Aegis admits that the documents speak for themselves as to their content and that the allegations in paragraph 14 refer only in part to the information presented in Exhibit A and Exhibit B. To the extent a further response may be required, Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Complaint.

15. Aegis admits that, in certain instances, prospective borrowers are prequalified based on information from consumer reporting agencies. To the extent a further response is required, Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Complaint.

16. Aegis admits that following prequalification of certain prospective borrowers, Aegis caused certain mailers in the form of Exhibit A and Exhibit B to be sent to plaintiffs and others. To the extent further response is required, Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16 of the Complaint.

17. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 17 of the Complaint. Aegis denies the second sentence of paragraph 17 of the Complaint. Aegis is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of the Complaint.

18. Aegis admits that the documents attached as Exhibit A and Exhibit B to the Complaint speak for themselves as to their content. To the extent a further response may be required, Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of the Complaint.

19. In answering the allegations set forth in paragraph 19 of the Complaint, Aegis admits that the documents speak for themselves as to their content. Further answering, the allegations set forth in paragraph 19 set forth legal conclusions to which no answer is required. To the extent a further response may be required, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. In answering the allegations set forth in paragraph 20 of the Complaint, Aegis admits that it approved and authorized the mailing of the form attached as Exhibit A and Exhibit B to the Complaint to plaintiffs and certain others. Aegis is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint.

21. Aegis admits that the documents attached as Exhibit A and Exhibit B to the Complaint speak for themselves as to their content. To the extent a further response may be required, on information and belief, Aegis admits the allegations set forth in paragraph 21 of the Complaint.

22. Aegis admits that it received inquiries from certain individuals in response to Exhibit A and Exhibit B. Aegis is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Aegis admits that more than 200 mailers in the form represented by Exhibit A and Exhibit B were sent to residents of Massachusetts and Rhode Island.

24. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Paragraph 29 sets forth legal conclusions to which no response is required. To the extent that a further response may be required, Aegis states that FCRA 15 U.S.C § 1681a(d) speaks for itself as to its content.

30. Paragraph 30 sets forth legal conclusions to which no response is required. To the extent that a further response may be required, Aegis states that FCRA 15 U.S.C § 1681a(f) speaks for itself as to its content.

31. Paragraph 31 sets forth legal conclusions to which no response is required. To the extent that a further response may be required, Aegis states that FCRA 15 U.S.C § 1681b speaks for itself as to its content.

32. Paragraph 32 sets forth legal conclusions to which no response is required. To the extent that a further response may be required, Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 32 of the Complaint.

33. Paragraph 33 sets forth legal conclusions to which no response is required. To the extent that a further response may be required, Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 33 of the Complaint.

34. Aegis denies the allegations set forth in paragraph 34 of the Complaint.

35. Aegis denies the allegations set forth in paragraph 35 of the Complaint.

## VIOLATIONS ALLEGED

36. Aegis denies the allegations set forth in paragraph 36 of the Complaint.

37. Aegis denies the allegations set forth in paragraph 37 of the Complaint.

38. Paragraph 38 sets forth legal conclusions to which no response is required. To the extent that a further response may be required, Aegis states that FCRA, 15 U.S.C § 1681n speaks for itself as to its content.

39. Paragraph 39 sets forth legal conclusions to which no response is required. To the extent that a further response may be required, Aegis states that FCRA 15 U.S.C § 1681p speaks for itself as to its content.

## CLASS ALLEGATIONS

40. Paragraph 40 sets forth plaintiffs' definition of the putative class to which no response is required. To the extent that a further response may be required, Aegis denies the allegations set forth in paragraph 40 of the Complaint.

41. Aegis admits that the documents attached as Exhibit A and Exhibit B speak for themselves as to their content and that the allegations in paragraph 41 state only in part the information provided in Exhibit A and Exhibit B. To the extent a further response may be required, Aegis denies the allegations set forth in paragraph 41 of the Complaint.

42. Aegis denies the allegations set forth in paragraph 42 of the Complaint.

43. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44. Aegis denies the allegations set forth in paragraph 44 of the Complaint.

45. Aegis denies the allegations set forth in paragraph 45 of the Complaint.

46. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47. Aegis denies the allegations set forth in paragraph 47 of the Complaint.

The remainder of the Complaint is a prayer for relief to which Aegis is not required to respond. To the extent that a further response may be required, Aegis prays that plaintiffs' Complaint be dismissed with prejudice and that the Court enter judgment in its favor on all Counts of the Complaint, that Aegis be awarded its costs and expenses including attorneys' fees, and for such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted against Aegis.

### Second Defense

Plaintiffs' claims, including the claims of the putative classes, are barred by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint.

### Third Defense

Plaintiffs and the classes plaintiffs seek to represent lack standing to assert any claims against Aegis.

### Fourth Defense

Plaintiffs' claims are barred or limited by the application of the doctrine of failure to mitigate damages.

### Fifth Defense

Any damages were the result of acts or omissions on the part of the plaintiffs or third parties, for which actions Aegis is not responsible.

### Sixth Defense

Plaintiffs' claims are barred by the applicable statutes of limitation and by the application of the doctrine of laches.

### Seventh Defense

Aegis is not liable for any claims by plaintiffs because Aegis maintained reasonable procedures to assure compliance with the requirements of the FCRA.

**Eighth Defense**

Aegis is not liable for any claims by plaintiffs because Aegis's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**Ninth Defense**

Aegis hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, defendant Aegis Lending Corporation respectfully requests that the Court:

i. Enter a judgment in its favor on all counts of the Complaint;

ii. Dismiss the Complaint with prejudice;

iii. Award Aegis Lending Corporation its costs and expenses, including attorneys' fees incurred in this action; and

iv. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

AEGIS LENDING CORPORATION,

By its counsel,

/s/ Carolyn P. Medina (#7109)

Steven E. Snow (#1774) (ses@psh.com)
Carolyn P. Medina (#7109) (cpm@psh.com)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 (facsimile)

Of counsel:
R. Bruce Allensworth
Irene C. Freidel
Brian M. Forbes
Gregory N. Blase
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175
E-mail: ballensworth@klng.com
ifreidel@klng.com
bforbes@klng.com
gblase@klng.com

Dated: October 10, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ANSWER was filed with the Clerk of the United States District Court for the District of Rhode Island this 10th day of October, 2006 and is available for viewing and downloading to the following ECF registered counsel of record:

Christopher M. Lefebvre (Bar No. 4019)
Claude Lefebvre, Christopher Lefebvre, P.C.
P.O. Box 479
Pawtucket, RI 02862

/s/ Carolyn P. Medina (#7109)
Carolyn P. Medina

879883_1/999998-75