**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CHARLES C. MOSS, and** | ) | |
| **DENNIS A. ISOM** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **C.A. No. 06-410-ML** |
| **AEGIS LENDING CORPORATION** | ) | |
| **Defendant** | ) | |
| | ) | |

**PLAINTIFFS' RULE 16 STATEMENT SUMMARIZING FACTS OF THE CASE AND IDENTIFYING LEGAL ISSUES**

Plaintiffs Charles C. Moss and Dennis A. Isom each received a pre-screened purported home equity debt consolidation offer from Defendant Aegis Lending Corporation ("Aegis") sometime prior to August 7, 2006. The mailing stated that it was sent to Plaintiff because "[i]nformation from a credit bureau was used in connection with this offer. You received this offer because we believe you satisfy our criteria for creditworthiness." Plaintiffs' Complaint alleges that the pre-screened offer violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

The FCRA permits the accessing and use of a consumer's credit report only for certain "permissible purposes," including, as pertinent to this matter, the extension of a "firm offer of credit" as defined by § 1681a. Plaintiffs allege that Aegis violated § 1681b by certifying to a consumer reporting agency that a "permissible purpose" existed for causing to be obtained and using plaintiffs' consumer report in connection with the sending of a solicitation which did not constitute a "firm offer of credit" as defined by § 1681a. Plaintiffs allege that this violation was "willful" in violation of § 1681n and they and each class member are entitled to recover statutory

damages between $100 to $1,000 per class member.

Plaintiffs' chief authorities are the Seventh Circuit's rulings in Cole v. U. S. Capital, 389 F.3d 719 (7th Cir. 2004) and Murray v. GMAC Mortgage Corp., 434 F.3d 984 (7th Cir. 2005). Cole held that a "firm offer of credit" must be a meaningful offer, which cannot be a mere invitation to do business on terms to be further discussed. Id. at 724-28. The basis for the holding was the Court's recognition that "Congress did not intend to allow access to consumer credit information "for catalogs and sales pitches." Id. at 727. The Court also recognized that "Congress apparently believed that people are more willing to reveal personal information in return for guaranteed offers of credit than for catalogs and sales pitches." Id. at 725.

In GMAC Mortgage, the Seventh Circuit reversed a district court's decision denying a Motion for Class Certification in a similar "firm offer of credit" matter. Rejecting the assertion that an ex post, recipient by recipient analysis is required in order to determine whether a "firm offer of credit," had been conveyed, the Court instructed that "a court need only determine "whether the four corners of the offer satisfy the statutory definition (as elaborated in Cole), and whether the terms are honored when consumers accept." 434 F.3d at 956. Since the decision in GMAC Mortgage, Plaintiffs' counsel is not aware of any decisions in which class certification has been denied in a "firm offer of credit" matter.

Plaintiffs allege that the purported offer (if one exists at all) was a sham, excessively vague and totally lacking in terms. The mailing itself lacked many of the important terms and conditions of the purported offer. There was no interest rate, down payment required, or loan period. Rather, the mailing directed the recipient to call for a "FREE loan consultation". The language in the mailer itself was highly conditional and actually negated any offer due to the

contingencies placed upon the so called extension of credit.

Finally, Plaintiffs allege that Defendant Aegis "willfully" violated the FCRA. Under the FCRA, "to constitute willful noncompliance, a party must have 'knowingly and intentionally committed an act in conscious disregard for the rights of others.'" Stevenson v. TRW, Inc., 987 F.2d 288, 293 (5th Cir. 1993); Richardson v. Fleet Bank, 190 F. Supp.2d 81, 89 (D. Mass. 2001). See also Graziano v. TRW, Inc., 877 F. Supp. 53, 57 (D. Mass. 1995) , 877 F. Supp. at 56(stating that actions showing a "reckless indifference" to plaintiff's rights under the FCRA can also constitute willfulness). Veno v. AT&T Corp., 297 F. Supp. 2d 379, 384 (D. Mass. 2003). If Defendant Aegis received advice from counsel regarding compliance with the FCRA and intends upon relying upon such advice as a defense, Plaintiffs will request that the Court order any privilege relating to such communications waived.

Respectfully submitted,

/s/Christopher M. Lefebvre
CLAUDE LEFEBVRE
CHRISTOPHER LEFEBVRE, P.C
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
Lefeblaw@aol.com

**CERTIFICATION OF SERVICE**

I hereby certify that on October 31, 2006, I electronically filed the Plaintiffs' Rule 16 Statement Summarizing Facts Of The Case And Identifying Legal Issues with the Clerk of the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically: Carolyn P. Medina, Esq., Steven E. Snow, Esq., Bruce Allensworth (Pro Hac Vice), Irene C. Freidel (Pro Hac Vice), and Brian J. Forbes(Pro Hac Vice); and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants: Not Applicable.

/s/ Maria Ferreira