**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHARLES C. MOSS, and<br>DENNIS A. ISOM,<br><br>Plaintiffs,<br><br>v.<br><br>AEGIS LENDING CORPORATION,<br><br>Defendant. | ) | 06-CV-410<br><br>**ORAL ARGUMENT REQUESTED** |

## MOTION TO STAY PROCEEDINGS

Defendant Aegis Lending Corporation ("Aegis "), through its counsel, moves this Court for an Order staying all further proceedings in this putative class action pending the United States Supreme Court's decision in GEICO Gen. Ins. Co. v. Edo, 06-100, -- S. Ct. --, 2006 WL 2055539 (Sept. 26, 2006) (granting petition for certiorari) ("GEICO") and Safeco Ins. Co. of Am. v. Burr, -- S. Ct. --, 2006 WL 2039638 (Sept. 26, 2006) (granting petition for certiorari) ("Safeco"). In support of its Motion, Aegis relies on the statements of fact and law contained in the accompanying Memorandum In Support of Motion to Stay Proceedings.

WHEREFORE, Aegis respectfully requests that this Court: (1) stay all proceedings in this putative class action pending the United States Supreme Court's decision in GEICO and Safeco; and (2) grant such other relief as the Court deems just and necessary.

REQUEST FOR ORAL ARGUMENT

Aegis hereby requests, pursuant to Local Rule 7(e), that the Court hold oral argument on Aegis's Motion to Stay Proceedings. Aegis estimates that oral argument would require not more than one hour of the Court's time.

Respectfully submitted,

AEGIS LENDING CORPORATION,

By its counsel,

s/ Irene C. Freidel

R. Bruce Allensworth
Irene C. Freidel
Brian M. Forbes
*Admitted pro hac vice*
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175
E-mail: bruce.allensworth@klgates.com
irene.freidel@klgates.com
brian.m.forbes@klgates.com

Steven E. Snow (#1774) (ses@psh.com)
Carolyn P. Medina (#7109) (cpm@psh.com)
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 (facsimile)

Dated: January 8, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Motion to Stay Proceedings* was filed with the Clerk of the United States District Court for the District of Rhode Island this 8th day of January, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Christopher M. Lefebvre (Bar No. 4019)
Claude Lefebvre, Christopher Lefebvre, P.C.
P.O. Box 479
Pawtucket, RI 02862

s/ Irene C. Freidel

Irene C. Freidel

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHARLES C. MOSS, and<br>DENNIS A. ISOM,<br><br>Plaintiffs,<br><br>v.<br><br>AEGIS LENDING CORPORATION,<br><br>Defendant. | ) | 06-CV-410<br><br><br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO STAY PROCEEDINGS**

## I. INTRODUCTION

Defendant Aegis Lending Corporation ("Aegis "), through its counsel, moves this Court for an Order staying all further proceedings in this putative class action pending the United States Supreme Court's decision in GEICO Gen. Ins. Co. v. Edo, 06-100, -- S. Ct. --, 2006 WL 2055539 (Sept. 26, 2006) ("GEICO") (granting petition for certiorari) and Safeco Ins. Co. of Am. v. Burr, -- S. Ct. --, 2006 WL 2039638 (Sept. 26, 2006) ("Safeco") (granting petition for certiorari). In GEICO and Safeco, the U.S. Supreme Court will consider the legal standard that will govern the award of statutory damages in this case if a liability finding is made. This case should be stayed while the Supreme Court's review of the applicable standard is pending.

## II. BACKGROUND

Plaintiffs filed their Complaint in this action on September 15, 2006. Plaintiffs contend that Aegis violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA") by sending plaintiffs offers of credit that were purportedly not "firm offers of credit" under FCRA. See 15 U.S.C. § 1681a(*l*). FCRA permits a court to award actual damages for negligent

violations of the statute. For "willful" violations, a court may award statutory damages in an amount ranging from $100 to $1,000. See 15 U.S.C. § 1681n(a). Because they have not suffered actual damages, plaintiffs claim that Aegis's alleged violation of the FCRA was "willful" so that they may obtain statutory damages on their behalf and on behalf of the putative class. See id; see also Complaint at para. 37.

If plaintiffs can prove a "willful" violation of FCRA by Aegis, Aegis's potential exposure is substantial. If plaintiffs cannot prove a "willful" violation, they cannot obtain any damages. Thus, assuming for the sake of argument that plaintiffs can get to the damages stage of the case, the case rests entirely on (1) the meaning of the term "willful" in Section 1681n of FCRA, and (2) whether the evidence establishes a "willful" violation under that standard.

The federal circuit courts of appeal are currently split on the standard for "willfulness" under the FCRA. In Reynolds v. Hartford Fin. Servs. Group, Inc., 435 F.3d 1081, 1099 (9th Cir. 2006), the Ninth Circuit held that a defendant may be found liable for "willfully" violating FCRA upon a finding of reckless disregard for FCRA's requirements, absent a finding that the defendant knew its conduct violated FCRA. Put another way, a court is permitted to award punitive damages under FCRA if the defendant "either knowing[ly]" adopted a policy "in contravention of the rights possessed by consumers pursuant to FCRA or in reckless disregard of whether the policy contravened those rights …." See also Cushman v. Trans Union Corp., 115 F.3d 220, 227 (3d Cir. 1997).

In contrast, the Seventh Circuit has held that "willfulness" requires actual knowledge on the part of the defendant that the conduct violated FCRA. See Ruffin-Thompkins v. Experian Info. Sys., Inc., 422 F.3d 603, 610 (7th Cir. 2005); Wantz v. Experian Info. Solutions, Inc., 386 F.3d 829, 834 (7th Cir. 2004). Other circuits have a similar "actual knowledge" standard. See,

e.g., Phillips v. Grendahl, 312 F.3d 357, 370 (8th Cir. 2002); Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 418 (4th Cir. 2001); Cousin v. Trans Union Corp., 246 F.3d 359, 372 (5th Cir. 2001); Duncan v. Handmaker, 149 F.3d 424, 429 (6th Cir. 1998). The "actual knowledge" standard articulated by the Seventh and Fifth Circuits has been applied by at least two district court's within the First Circuit. See Richardson v. Fleet Bank, 190 F. Supp. 2d 81, 89 (D. Mass. 2001) (finding no willful violation of FCRA occurred and stating that "[t]o be found in willful noncompliance, a defendant must have knowingly committed an act in conscious disregard for the rights of others"); see also Valvo v. Trans Union LLC, No. 04-70S, 2005 WL 3618272 at *8 (D.R.I. Oct. 27, 2005) (recommending summary judgment for defendant on willfulness claim and adopting 5th Circuit "actual knowledge" standard).

As a result of this Circuit conflict, the United States Supreme Court has granted a petition for certiorari in GEICO and Safeco. Oral argument is scheduled for January 16, 2007. (See Supreme Court oral argument calendar for the session beginning January 8, 2007, attached as Exhibit A). The Supreme Court's decision in GEICO and Safeco will control the outcome of this case if a finding of liability is made, because, as stated above, plaintiffs cannot recover any damages unless they prove a "willful" violation of FCRA. Given the fact that: (1) this case is still in its early stages; and (2) the potential liability is substantial, the Court should, in the interest of judicial economy, stay the action pending the Supreme Court's decision in GEICO and Safeco.

## III. ARGUMENT

### A. Standard For Granting A Stay

This Court has inherent power to stay these proceedings, and may control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Pardee v. Consumer Portfolio

Services, Inc., 344 F.Supp.2d 823, 833 (D.R.I. 2004) (granting stay in the interest of judicial economy). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." Bechtel Corp. v. Local 215, AFL-CIO, 544 F.2d 1207, 1215 (3d Cir. 1976) (affirming stay) (citing American Life Ins. Co. v. Stewart, 300 U.S. 203, 215 (1937)).

The decision of whether to issue a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Pardee, 344 F.Supp.2d at 833; see also Levy v. Sterling Holding Co. LLC, No. 00-994, 2004 WL 2251268 at * 1 (D. Del. Sep. 27, 2004) (granting stay pending outcome of Securities and Exchange Commission rulemaking process where proposed rules "could materially affect the issues" in the case). Here, all the factors weigh in favor of granting the requested stay.

### B. Staying This Case Until The Supreme Court Has Ruled On The Correct Standard For "Willfulness" Under FCRA Will Simplify The Issues And Promote Judicial Economy

Granting the requested stay will best serve the interests of judicial economy because the Supreme Court's establishment of the correct standard for willfulness under FCRA is a potentially dispositive issue in this case. See Ashby v. Farmers Group, Inc., No. 01-cv-1446, 2006 WL 3169381 at *1 (D. Or. Oct. 30, 2006) (slip op.) (granting stay in FCRA case pending Supreme Court's decision in GEICO and Safeco upon finding that "the appropriate willfulness standard is of particular significance" to the case); see also Levy, 2004 WL 2251268 at *1-2 (granting stay pending conclusion of SEC rulemaking that would have controlling outcome on case).

Having alleged no actual damages, plaintiff will only be entitled to recovery, if at all, if he establishes a "willful" violation of FCRA. See Cousin v. Trans Union Corp., 246 F.3d 359, 372 (5th Cir. 2001); see also Philbin v. Trans Union Corp., 101 F.3d 957, 970 (3d Cir. 1996)

(same); see also Valvo v. Trans Union LLC, No. 04-70S, 2005 WL 3618272 at *8 (D.R.I. Oct. 27, 2005). The meaning of "willful" under FCRA, however, is currently "up in the air" pending the Supreme Court's decision in GEICO and Safeco. In the event that the Supreme Court rejects or alters the Seventh Circuit "willfulness" standard under FCRA, and in particular its determination that only a knowing violation of FCRA justifies the award of punitive damages, litigating this case before the Supreme Court issues its rulings will potentially waste the resources of the parties and the Court.

On the other hand, staying the action will permit more efficient and focused discovery and trial of the issues. For this reason, numerous other FCRA cases similar to this one have been stayed. See, e.g., Ashby, 2006 WL 3169381 at *1 (D. Or. Oct. 30, 2006); Wood v. Capital One Auto Fin., Inc., No. 06-cv-7 (E.D. Wis. Dec. 20, 2006); Johnson v. Juniper Bank, No. 06-C-13 (E.D. Wis. Dec. 18, 2006); Norwood v. Name Seekers, Inc., No. 06-cv-00436 (E.D. Wis. Dec. 15, 2006); Bernal v. KeyBank NA, No. 2:06-cv-00008 (E.D. Wis. Dec. 14, 2006); Johnson v. Indymac, No. 2:05-cv-00856 (E.D. Wis. Nov. 27, 2006) Murray v. New Cingular Wireless, No. 06-2477 (7th Cir Oct. 17, 2006) (staying appeal pending decision in GEICO and Safeco); Murray v. Cingular Wireless II, LLC, No. 1:05-cv-01334 (N.D. Ill. Aug. 18, 2006) (staying appeal pending Seventh Circuit's decision in Murray supra); Emerson v. Aegis Lending Corp., No. 05-C-848 (E.D. Wis. Jan. 3, 2007). The stay orders in the cited cases are collectively attached hereto as Exhibit B.

As explained above, the standard for "willfulness" under the FCRA will have a potentially controlling outcome on: (1) any dispositive motion filed on that issue; and (2) a trial of the merits of this case. If the case is not stayed, the parties risk having to unnecessarily incur the expense of discovery and motion practice before the Supreme Court establishes the correct

standard governing the case. The risk of increased cost and uncertainty on the parties and the Court is unjustified when the modest stay requested would protect the rights of the parties and further the interests of judicial economy. Accordingly, Aegis requests that the Court stay this case pending the outcome of the Supreme Court's decisions in GEICO and Safeco.

### C. Plaintiff Will Not Be Prejudiced By A Stay

Plaintiffs cannot show any prejudice in the granting of a stay. The mere fact that a stay will delay an action is insufficient to show prejudice, since a slight delay is inherent to every stay and is outweighed by the benefit to the parties and the Court. See Levy, 2004 WL 2251268 at *2 (granting stay where plaintiff could not "point to any way that he will be unduly prejudiced by the stay" and the "balance of harms weighs in favor of a stay"). Plaintiffs filed this case in September 2006. Discovery has only recently commenced and no depositions have been taken. As such, plaintiffs cannot point to any prejudice in the granting of a stay pending the Supreme Court's decision in GEICO and Safeco.

### D. The Length Of The Requested Stay Is Reasonable

The length of the requested stay is reasonable. Defendant seeks a stay pending the Supreme Court's decision in the GEICO and Safeco. The Supreme Court granted certiorari in both cases on September 26, 2006. Oral argument has been scheduled for Tuesday, January 16, 2007. See Exhibit A. A stay for a matter of months is reasonable. In any event, even if some nominal delay results from a temporary stay, the delay does not outweigh the interest in judicial economy.

## IV. CONCLUSION

Defendant Aegis Lending Corporation respectfully requests that the Court enter an order, staying this action pending the hearing and rulings by the United States Supreme Court in GEICO and Safeco as they pertain to the willfulness standard under FCRA.

Respectfully submitted,

AEGIS LENDING CORPORATION,

By its counsel,

s/ Irene C. Freidel
R. Bruce Allensworth
Irene C. Freidel
Brian M. Forbes
*Admitted pro hac vice*
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175
E-mail: bruce.allensworth@klgates.com
irene.freidel@klgates.com
brian.m.forbes@klgates.com

Dated: January 8, 2007

Steven E. Snow (#1774) (ses@psh.com)
Carolyn P. Medina (#7109) (cpm@psh.com)
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Memorandum in Support of Motion to Stay Proceedings* was filed with the Clerk of the United States District Court for the District of Rhode Island this 8th day of January, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Christopher M. Lefebvre (Bar No. 4019)
Claude Lefebvre, Christopher Lefebvre, P.C.
P.O. Box 479
Pawtucket, RI 02862

s/ Irene C. Freidel
Irene C. Freidel